UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:

       CHANA TAUB,                                Chapter 11

           Debtor.                       Case No. 08-44210-ess
----------------------------------------------------------------x
CHANA TAUB,

        Plaintiff,

       -against-                          Adv. Pro. No. 09-1027-ess

SIMON TAUB, 10 GRAND AVENUE LLC,
RACHEL TAUB, and PERL FEIN,

        Defendants.
----------------------------------------------------------------x

**MEMORANDUM DECISION ON MOTION TO ABSTAIN**

Appearances:

Dennis Houdek, Esq.
305 Broadway (7th floor)
New York, NY 10007
Attorney for Chana Taub

James Sullivan, Esq.
Arent Fox LLP
1675 Broadway
New York, NY 10019
Attorney for Esther Newhouse

Leo Fox, Esq.
630 Third Avenue
New York, NY 10017
Attorney for Simon Taub, 10 Grand Avenue
LLC, Rachel Taub, and Perl Fein

**HONORABLE ELIZABETH S. STONG**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court is a motion by Simon Taub, 10 Grand Avenue LLC, Rachel Taub, and

Perl Fein, the defendants (the "Defendants") seeking this Court's abstention from deciding

certain claims (the "Abstention Motion") in this adversary proceeding (the "Adversary

Proceeding").  Mr. Taub is the estranged husband of Chana Taub, the plaintiff and the debtor

(the "Debtor") in this Chapter 11 bankruptcy case.  The Defendants seek an order pursuant to 28

U.S.C. §§ 157, 1334(c)(1), and 1334(c)(2), providing that this Court abstain from deciding the

claims in this Adversary Proceeding on grounds that those claims are based on equitable

distribution claims asserted by the Debtor in the New York State Supreme Court, Kings County

(the "Supreme Court, Kings County"), and fraudulent conveyance and constructive trust claims

also pending in that court.

A hearing on the Abstention Motion was held on July 22, 2009, at which counsel for the

Defendants, counsel for the Debtor, and counsel for Esther Newhouse appeared and were heard.

Based upon the entire record and consideration of the relevant factors, the arguments of counsel,

and for the reasons stated below, the Abstention Motion is granted.

### Jurisdiction

The Court has jurisdiction over this Chapter 11 bankruptcy case pursuant to 28 U.S.C.

§§ 1334(b) and 157(b)(1), and over this Abstention Motion pursuant to 28 U.S.C. § 157(b)(3).

### Procedural History

On July 1, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief

under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United

States Bankruptcy Court for the Eastern District of New York.  The Debtor continues to operate

and manage her business and property as a debtor in possession in accordance with 11 U.S.C.

§§ 1107 and 1108.

On February 9, 2009, the Debtor filed this Adversary Proceeding. Docket No. 1. In the complaint (the "Complaint"), the Debtor seeks an order that real properties located at 6-8 Grand Avenue, 10 Grand Avenue, and 23-27 Grand Avenue, in Brooklyn, New York (the "Grand Avenue Properties"), were transferred fraudulently by Mr. Taub, the Debtor's estranged spouse, to Rachel Taub and Ms. Fein, his daughters from a prior marriage. *Id*. In the alternative, the Debtor seeks the imposition of a constructive trust in her favor or the appointment of a receiver as to the Grand Avenue Properties. *Id*.

On March 30, 2009, the Defendants filed an answer to the Complaint in which they deny the allegations of the Complaint and request, among other things, that the Court abstain from hearing the issues raised in this Adversary Proceeding and any claims that are the subject of equitable distribution. Docket No. 4.

On June 1, 2009, the Defendants filed the Abstention Motion for an order providing that this Court abstain from hearing the issues raised in the Complaint. Docket No. 10. In support of the Abstention Motion, the Defendants filed an application (the "Defts' App.") and the affirmation of Mr. Taub.

On June 1, 2009, Mr. Taub also filed a motion for abstention in *Chana Taub v. Simon Taub*, Adv. Pro. No. 08-1170 (Bankr. E.D.N.Y.) (the "08-1170 Abstention Motion"). Adv. Pro. No. 08-1170, Docket No. 30. On the same date, Mr. Taub filed a motion (the "Lift Stay Motion") in the Debtor's bankruptcy case for an order terminating the automatic stay to allow him and the Debtor to proceed to conclusion up until judgment with the matrimonial action (the "Second Divorce Action") pending in the Supreme Court, Kings County. Case No. 08-44210,

Docket No. 260.

On June 23, 2009, the Debtor filed a Brief of Debtor/Plaintiff in Opposition to Defendants' Abstention Motion (the "Debtor's Opp."), as well as her affirmation and the affirmation of Dennis Houdek (the "Houdek Affirm.").  Docket Nos. 13-15.

On June 25, 2009, Esther Newhouse, a creditor in the Debtor's bankruptcy case, filed a Joinder in Support of Brief of Debtor in Opposition to Simon Taub's Motion for Abstention (the "Newhouse Joinder").  Docket No. 16.

On July 6, 2009, the Defendants filed a reply to the Debtor's Opposition to the Abstention Motion.  Docket No. 17.  Mr. Taub also filed replies to the Debtor's opposition to the 08-1170 Abstention Motion and the Lift Stay Motion.  *See* Adv. Pro. No. 08-1170, Docket No. 37; Case No. 08-44210, Docket No. 281.

## Background

The Debtor and Mr. Taub have been engaged in contentious and acrimonious litigation, including two divorce actions, in the New York state courts since 2005.  The Debtor commenced a divorce action against Mr. Taub in the Supreme Court, Kings County on June 17, 2005 (the "First Divorce Action").  Debtor's Opp. at 2.  The First Divorce Action was dismissed after a jury trial on March 27, 2007.  Debtor's Opp. at 4; Defts' App. ¶ 1.  During the pendency of the First Divorce Action, three of the four judges to whom the matter was assigned recused themselves.  Defts' App. ¶¶ 6-7.

As the schedules filed with the Debtor's bankruptcy petition reflect, the Debtor claims an interest in several properties, including the Grand Avenue Properties that are the subject of this Adversary Proceeding.  In particular, the Debtor's schedules state that she claims an equitable

interest in each of the Grand Avenue Properties, and that these properties are owned by Mr. Taub.  Case No. 08-44210, Docket No. 12 (Schedule A).

The Debtor also claims an interest in three properties titled solely in her name located at 1259 52nd Street, 4819 14th Avenue, and 1405 49th Street in Brooklyn, New York, and in one property titled jointly in the Debtor's and Mr. Taub's names, located at 85 Forshay Road, Monsey, New York.  *Id*.  These four properties are the subject of Adversary Proceeding 08-1170, in which the Debtor seeks injunctive relief against Mr. Taub to restrain him from collecting rents from the rent-producing properties, and an accounting and return of rents collected from those properties.  Adversary Proceeding 08-1170, Docket No. 1.  These four properties are also the subject of Adversary Proceeding No. 08-1424, filed by Pnina Kaufman as guardian for Moshe Taub, Mr. Taub's father, against the Debtor, in which Ms. Kaufman seeks the imposition of a constructive trust in favor of Moshe Taub on grounds that he placed these properties in the Debtor's name in reliance on promises that she would reconvey them to him upon his request. Adversary Proceeding 08-1424, Docket No. 1.  And the properties are the subject of an action in the Supreme Court, Kings County brought by Ms. Kaufman seeking similar relief (the "Kaufman State Court Action").  08-1170 Abstention Motion, S. Taub App. Exh. E (Adv. Pro. 08-1170 Complaint ¶ 28).

Soon after dismissal of the First Divorce Action, in May 2007, the Debtor commenced the Second Divorce Action in Supreme Court, New York County, and this action was subsequently transferred to the Supreme Court, Kings County.  Defts' App. ¶¶ 7-8.  In that action, the court deferred to the Kaufman State Court Action the issues of the appointment of a receiver and ownership of the alleged marital properties.  Houdek Affirm. Exh. F (October 30,

2007 Order (Demarest, J.)), Exh. G (transcript dated October 30, 2007). *See* Debtor's Opp. at 7-8.

Since filing her Chapter 11 bankruptcy petition, the Debtor has commenced several state court proceedings that relate to the Second Divorce Action and equitable distribution issues. The Debtor sought the recusal of Justice Carolyn E. Demarest, the fourth judge to whom the Second Divorce Action was assigned, on grounds of bias. Defts' App. ¶¶ 13, 16-17, Exh. N (February 11, 2009, Decision and Order (Demarest, J.)). The Debtor's request was denied and an appeal of that decision is pending.[1] Defts' App. ¶¶ 17-18. *See also* Bankruptcy Case No. 08-44210, Docket No. 300 (July 23, 2009, letter from Chana Taub) (questioning the fairness of the state court proceedings).

On July 23, 2008, the Debtor filed a motion in the Second Divorce Action for an accounting by Mr. Taub of "all marital properties including the Grand Avenue properties." Defts' App. ¶ 11, Exh. F (Chana Taub Aff. at 4).

---

[1] In denying the Debtor's motion for recusal, Justice Demarest observed:

Plaintiff's purpose in making the instant motion to recuse is to obtain yet another forum and another Judge who will be unfamiliar with the history of this case in the hopes of obtaining results previously denied. Certainly, the administration of justice would be ill-served by my granting such relief as the resources of an already-overburdened Court system would be further diverted into the protracted litigation perpetuated by the parties to this action. I further believe that the parties themselves, including the [Debtor] would be ill served by my recusal as, at present I seem to be the only Judge fully familiar with the long history and the several related cases. I know of no reason that I cannot continue to preside fairly and impartially over the matters before me.

Defts' App. Exh. N (February 11, 2009, Decision and Order (Demarest, J.))

5

In addition, on October 24, 2005, before filing her bankruptcy case, the Debtor commenced an action in New York Supreme Court "seeking relief for alleged fraudulent transfer and constructive trust relating to the Grand Avenue Properties."  Defts' App. ¶ 10.  *See* Defts' App. Exh. E (September 11, 2008, Order on Stipulation Extending Lis Pendens, (Schmidt, J.)).

<u>The Complaint</u>

In the Complaint, the Debtor alleges that one day after the jury returned a verdict against her in the First Divorce Action, Mr. Taub conveyed title to the Grand Avenue Properties to the defendants Rachel Taub and Ms. Fein, his daughters from a prior marriage, and that these transfers were made without consideration.  Complaint ¶ 24.  The Debtor also alleges that Mr. Taub continues to receive the monthly rental income from the Grand Avenue Properties, and holds himself out as the agent for his daughters and the managing agent of the properties. Complaint ¶ 25.

The Debtor alleges seven causes of action in the Complaint.  In her first, second, third, and fourth causes of action, the Debtor seeks an order setting aside the alleged fraudulent transfers of the Grand Avenue Properties to Rachel Taub and Ms. Fein.  Complaint ¶¶ 29-68.  In her fifth, sixth and seventh causes of action, the Debtor seeks the imposition of a constructive trust in her favor as to the Grand Avenue Properties.  Complaint ¶¶ 69-89.  The Debtor also seeks an accounting from the Defendants of all rents and profits received from the Grand Avenue Properties.  Complaint p.20.

**<u>Discussion</u>**

Abstention is an "'extraordinary and narrow exception to' the federal court's duty to adjudicate a controversy properly before it."  *Eastern Airlines, Inc. v. Int'l Assoc. of Machinists*

& *Aerospace Works (In re Ionosphere Clubs, Inc.*), 108 B.R. 951, 954 (Bankr. S.D.N.Y. 1989)

(quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959)).

A bankruptcy court may abstain from hearing certain proceedings in two ways that are

set forth at 28 U.S.C. §§ 1334(c)(1) and (c)(2).  First, 28 U.S.C. § 1334(c)(1) provides for

permissive or discretionary abstention.  Section 1334(c)(1) states:

> Except with respect to a case under chapter 15 of title 11, nothing in this section
> prevents a district court in the interest of justice, or in the interest of comity with
> State courts or respect for State law, from abstaining from hearing a particular
> proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1).

Second, 28 U.S.C. § 1334(c)(2) provides for mandatory abstention.  Section 1334(c)(2)

states:

> Upon timely motion of a party in a proceeding based upon a State law claim or
> State law cause of action, related to a case under title 11 but not arising under title
> 11 or arising in a case under title 11, with respect to which an action could not
> have been commenced in a court of the United States absent jurisdiction under
> this section, the district court shall abstain from hearing such proceeding if an
> action is commenced, and can be timely adjudicated, in a State forum of
> appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).

### *Mandatory Abstention*

Mr. Taub argues that the requirements for mandatory abstention are met here.  He argues

that "the gravamen of the Complaint is for a finding that the Debtor holds an equitable

distribution interest in the Grand Avenue Properties, and . . . that the transfers were in fraud of

such interests."  Defts' App. ¶ 5.  Thus, Mr. Taub argues that this Adversary Proceeding "is

based purely on State Law," that this Adversary Proceeding "could not have been commenced in

a Federal Court based on the Domestic Relations exception," and that the Second Divorce

Action "can be timely adjudicated in the State Court."  Defts' App. ¶ 30.

The Debtor opposes the relief sought here on grounds that this Court has jurisdiction to determine "the Debtor's interest in the marital property."  Debtor's Opp. at 24.  Ms. Newhouse joins in the arguments set forth in the Debtor's opposition to the Abstention Motion.  Newhouse Joinder ¶ 1.

Section 1334(c)(2) sets forth five elements that must be satisfied in order for mandatory abstention to apply.  These elements are: (1) a party to a proceeding files a timely motion to abstain; (2) the proceeding is based upon a state law claim or state law cause of action; (3) the proceeding is a non-core, but "related to" proceeding and does not arise under the Bankruptcy Code; (4) there is no basis for federal jurisdiction other than 28 U.S.C. § 1334; and (5) an action is commenced and can be timely adjudicated in state court.  *See* 28 U.S.C. § 1334(c)(2).  "In determining whether to abstain, if the Court finds that any element of the test . . . has not been satisfied, then it must find that mandatory abstention is improper."  *Smith v. McLesky (In re Bay Vista of Virginia, Inc.)*, 394 B.R. 820, 833 (Bankr. E.D. Va. 2008).

The Court will consider these elements in turn.

Whether a Party to the Proceeding Filed a Timely Motion To Abstain

The first element that the Court must consider is whether the Abstention Motion is timely.  Section 1334(c)(2) does not define a "timely" motion to abstain.  As several courts have noted, "[c]ourts have generally adopted a flexible, case-specific approach in determining whether a motion for mandatory abstention is 'timely.'"  *Channel Bell Assocs. v. W.R. Grace & Co.*, 1992 WL 232085, at *5 (S.D.N.Y. 1992) (citations omitted).

The parties were directed to file any motions seeking this Court's abstention from

determining a request for relief pending before the Court by June 1, 2009.  *See* Case No. 08-44210, Docket Nos. 249, 258.  Mr. Taub filed this Abstention Motion on June 1, 2009.

Accordingly, the Court finds that Mr. Taub has filed a timely motion to abstain, and this element of mandatory abstention is satisfied.

<u>Whether the Proceeding Is Based upon a State Law Claim or State Law Cause of Action</u>

The second element that the Court must consider is whether this action is based upon state law claims.  The Debtor seeks an order setting aside alleged fraudulent transfers of the Grand Avenue Properties from Mr. Taub to Rachel Taub and Ms. Fein.  These claims are based upon New York's Debtor and Creditor Law.  Alternatively, the Debtor seeks the imposition of a constructive trust in her favor or the appointment of a receiver for the Grand Avenue Properties.  These claims too are based upon New York law.  *See, e.g., Silverman v. K.E.R.U. Realty Corp. (In re Allou Distributors, Inc.)*, 379 B.R. 5, 38-39 (Bankr. E.D.N.Y. 2007); N.Y. C.P.L.R. §§ 6401-05 (appointment of a receiver).  That is, the claims asserted in the Complaint are based upon New York law.

Accordingly, the Court finds that this Adversary Proceeding is based upon state law, and this element of mandatory abstention is satisfied.

<u>Whether the Proceeding Is a Non-Core, But "Related To" Proceeding and Does Not Arise Under the Bankruptcy Code</u>

The third element that the Court must consider is whether this action is a non-core, "related to" proceeding that does not arise under the Bankruptcy Code.  As the Second Circuit has found, "[a]bstention is only mandated with respect to non-core matters. . . .  Therefore, where a matter constitutes a core proceeding, the mandatory abstention provisions of section 1334(c)(2) are inapplicable."  *In re Petrie Retail, Inc*., 304 F.3d 223, 232 (2d Cir. 2002).  *See*

9

*Kohn v. Hursa (In re Hursa),* 87 B.R. 313, 324 (Bankr. D.N.J. 1988) (finding that 28 U.S.C. §

1334(c)(2) requires a bankruptcy court to abstain from determining property rights of debtor and

non-debtor spouse when the state court can determine those interests under equitable distribution

in a pending divorce).

Core proceedings include those proceedings "arising under" the Bankruptcy Code, such

as proceedings asserting rights created by the Bankruptcy Code, and those proceedings "arising

in" a bankruptcy case, such as matters that would not arise outside the context of the bankruptcy

case. *In re Nat'l Eastern Corp.*, 391 B.R. 663, 668-69 (Bankr. D. Conn. 2008); 28 U.S.C.

§ 157(b)(1) ("Bankruptcy judges may hear and determine all cases under title 11 and all core

proceedings arising under title 11, or arising in a case under title 11 . . . and may enter

appropriate orders and judgments, subject to review under [28 U.S.C. § 158]."). *See Mt.

McKinley Ins. Co. v. Corning Inc.*, 399 F.3d 436, 447-48 (2d Cir. 2005) (finding that cases

"arising under" or "arising in" Title 11 proceedings are the same as "core proceedings" under 28

U.S.C. § 157(b)); *Geron v. Manshul Constr. Co. (In re Manshul Constr. Co.)*, 225 B.R. 41, 45

(Bankr. S.D.N.Y. 1998) ("'Arising in' and 'arising under' proceedings encompass the matters

that are at the core of the jurisdiction of the bankruptcy courts, and depend upon the application

or construction of bankruptcy law as expressed in Title 11."  (quotations omitted)).

"Noncore matters are those 'related to' the debtor's bankruptcy case, [that is,] those

whose outcome could conceivably affect the bankruptcy estate."  *In re Nat'l Eastern Corp*., 391

B.R. at 669.  Whether a proceeding has a conceivable effect on a bankruptcy estate depends on

whether the outcome could "alter the debtor's rights, liabilities, options, or freedom of action

(either positively or negatively) and which in any way impacts upon the handling and

administration of the bankruptcy estate." *Back v. LTV Corp. (In re Chateaugay Corp.)*, 213 B.R. 633, 638 (S.D.N.Y. 1997) (citations omitted).  And "with respect to non-core claims, unless the parties otherwise agree, the bankruptcy court can only recommend findings of fact and conclusions of law to the district court." *U.S. Lines, Inc. v. American Steamship Owners Mutual Prot. and Indem. Ass'n (In re U.S. Lines, Inc.)*, 197 F.3d 631, 636 (2d Cir. 1999).

"Core proceedings" touch on issues at the heart of federal bankruptcy power, such as "the restructuring of debtor-creditor relations." *In re U.S. Lines, Inc.*, 197 F.3d at 636.  Section 157(b)(2) contains a non-exclusive list of "core proceedings," including "matters concerning the administration of the estate" and "orders to turn over property of the estate."  11 U.S.C. §§ 157(b)(2)(A), (E).

The Defendants argue that the "substance of the Adversary Proceeding is a non-core proceeding because it relates to State Law claims against a non-debtor with respect to non-debtor property."  Defts' App. ¶ 41.  They argue:

> [the] gravamen of the Complaint is for a finding that the Debtor holds an equitable distribution interest in the Grand Avenue Properties, and then that the transfers were in fraud of such interests.  In order to determine whether any rights or "interests" of the Debtor exist in such properties, which were impaired by the alleged fraudulent transfers, the Court would have to first determine whether the Debtor holds an equitable distribution "interest" in the Grand Avenue Properties.

Defts' App. ¶ 5.

The Debtor responds:

> (i) this Court has core jurisdiction to determine what is property of the estate; (ii) a spouse's equitable interest in marital property is property of the estate; (iii) the mere fact that property is subject to equitable distribution does not render it non-estate property; and (iv) the fact that the Adversary Proceeding will, if successful, enlarge the estate, standing alone confers jurisdiction on this Court pursuant to 28 U.S.C. Section 157(c)(1).

Debtor's Opp. at 33.

The filing of this Chapter 11 petition created an estate under Section 541 of the Bankruptcy Code which includes "all legal or equitable interests of the debtor in property as of the [Petition Date]."  11 U.S.C. § 541(a)(1).  Although the question of what is property of the estate under Bankruptcy Code Section 541(a) is a federal question, the nature and extent of property rights is determined by state law.  *Butner v. United States*, 440 U.S. 48, 55 (1979).  Here, New York law is the applicable state law.  And while the Bankruptcy Code does not define the Debtor's legal and equitable interests in property, it does make those interests, whatever they are, part of this estate.

As of the Petition Date, none of the Grand Avenue Properties was titled in the name of the Debtor.  *See* Case No. 08-44210, Docket No. 12 (Schedule A).  Rather, title to these properties was held in the names of Rachel Taub and Ms. Fein, and before that, in the name of Mr. Taub.  Complaint ¶ 24.

Even if it had already been determined that the Grand Avenue Properties are marital property under New York's Domestic Relations Law, the Debtor would not obtain an equitable interest in the properties based on that alone.[2]  As the Second Circuit found, "neither spouse

---

[2]  The Debtor argues that "where a debtor is a party to a New York divorce proceeding at the time of his or her bankruptcy filing, any real property owned by the debtor's spouse constitutes marital property in which the debtor has an interest," and that "such marital interest was property of the debtor's estate."  Debtor's Opp. at 27.  The Debtor relies upon *In re Levenstein*, 371 B.R. 45 (Bankr. S.D.N.Y. 2007), in support of her position.  But in *In re Levenstein*, the court was not considering whether to abstain from deciding an issue.  Rather, the court addressed whether the automatic stay applies to property titled solely in the name of the non-debtor spouse.  *In re Levenstein*, 371 B.R. at 46.  And there, the debtor made financial contributions toward the purchase and maintenance of the property, and had a possessory interest in the property.  *In re Levenstein*, 371 B.R. at 48.  The court found that these interests were sufficient to invoke the protection of the automatic stay.  *Id.*

obtains an equitable interest in property held by the other merely because the property falls

within the definition of 'marital property.'" *Musso v. Ostashko*, 468 F.3d 99, 105 (2d Cir. 2006).

Reviewing New York's Domestic Relations Law, the Second Circuit observed:

> Section 236(B)(5)(a) provides that the court "shall determine the respective rights
> of the parties in their separate or marital property, and shall provide for the
> disposition thereof *in the final judgment*." N.Y. Dom. Rel. L. § 236(B)(5)(A)
> (emphasis added). "*[A]t no point prior to judgment* does [section 236] create any
> contingent or present vested interests, legal or equitable, by virtue of the parties'
> marital status or prior to a judgment dissolving their union."

*Musso v. Ostashko*, 468 F.3d at 105 (quoting *Leibowits v. Leibowits*, 93 A.D.2d 535, 549, 462

N.Y.S.2d 469, 478 (App. Div. 2d Dep't 1983) (O'Connor, J. concurring)).

Here, at the time the Debtor filed her bankruptcy petition, judgment giving effect to an

equitable distribution award had not been entered. Indeed, unlike the situation in *Ostashko*, the

matrimonial court had not made an equitable distribution award, and the Grand Avenue

Properties had not been found to be marital property. As a result, when the Debtor commenced

her bankruptcy case, she did not have "any contingent or present vested interests, legal or

equitable" in the Grand Avenue Properties. "A spouse without legal title has no interest in

marital property prior to obtaining a judgment creating such an interest." *Ostashko*, 468 F.3d at

105-06.

Viewed another way, the Debtor's claimed interest in the Grand Avenue Properties is

based upon her equitable distribution interest in marital property under New York's Domestic

Relations Law. But until the Supreme Court, Kings County enters a judgment determining what

the marital property is and how it should be distributed, neither the Debtor nor her bankruptcy

estate has a legal or equitable interest in the Grand Avenue Properties under Bankruptcy Code

Section 541(a). *See Cooper v. Frederes (In re Frederes)*, 141 B.R. 289, 292 (Bankr. W.D.N.Y.

1992), *appeal dismissed*, 1993 WL 13091775 (W.D.N.Y. 1993) (under New York law, a debtor has no vested legal or equitable property interests in a spouse's assets until the entry of a judgment of divorce awarding distribution of marital property); *Seifried v. Seifried,* 188 Misc. 2d 93, 96, 726 N.Y.S.2d 837, 839-40 (Sup. Ct. Essex Co. 2001) ("since no determination of property rights in equitable distribution was rendered by a judgment in this divorce action when Defendant filed her bankruptcy petition, the bankruptcy estate had no legal or equitable interest in such property."); *Anonymous v. Anonymous*, 177 Misc. 2d 1033, 1035, 677 N.Y.S.2d 743, 745 (Sup. Ct. Rockland Co. 1998) ("debtor's claim to equitable distribution of marital property is not property of the debtor's estate under 11 U.S.C. § 541 unless it had been reduced to judgment either at the time of filing of the petition or within 180 days thereafter."); *Cappiello v. Cappiello*, 110 A.D.2d 608, 609, 488 N.Y.S.2d 399, 401 (App. Div. 1st Dep't), *aff'd*, 66 N.Y.2d 107, 495 N.Y.S.2d 318 (1985) (marriage alone does not vest property rights in the assets of either spouse).

For these reasons, the Court finds that this Adversary Proceeding does not "arise under" the Bankruptcy Code or "arise in" this bankruptcy case. *See In re Nat'l Eastern Corp.*, 391 B.R. at 668-69. Bankruptcy law does not give rise to the Debtor's claims, and those claims exist outside of this bankruptcy case. As a result, this Adversary Proceeding is not a core proceeding. Rather, it is "related to" this bankruptcy case, in that its "outcome could conceivably affect the bankruptcy estate" and, as such, it is a non-core, "related to" proceeding. *In re Nat'l Eastern Corp.*, 391 B.R. at 669.

Accordingly, the Court finds that this element of mandatory abstention is satisfied.

Whether There Is a Basis for Federal Jurisdiction Other than 28 U.S.C. § 1334

The fourth element that the Court must consider is whether there is a basis for the

exercise of federal jurisdiction other than Section 1334.  The Debtor's claims in this Adversary

Proceeding arise under state law, and do not raise federal questions or concern property of the

estate.  The sole basis for this Court's jurisdiction is that the Debtor filed a Chapter 11

bankruptcy petition.

Accordingly, the Court finds that there is no basis for federal jurisdiction other than

Section 1334, and this element of mandatory abstention is satisfied.

Whether an Action Is Commenced and Can Be Timely Adjudicated in State Court

The fifth element that this Court must consider is whether an action has been commenced

and can be timely adjudicated in state court.  The Second Divorce Action is presently pending

before the Supreme Court, Kings County.  There, the court will determine the scope of the

marital property and direct the distribution of the property between the Debtor and Mr. Taub in a

final judgment of divorce.  *See* N.Y. DOM. REL. LAW § 236, Part B, Subd. 5(a).  In arriving at an

equitable distribution award, the Supreme Court, Kings County may consider several factors,

including "any transfer or encumbrance made in contemplation of a matrimonial action without

fair consideration."  N.Y. DOM. REL. LAW § 236, Part B, Subd. 5(d)(12).  That is, the Debtor's

fraudulent transfer claims can be addressed in a pending proceeding by the state court.

In addition, the record shows that the Supreme Court, Kings County is prepared to

proceed with the Second Divorce Action.  By Decision and Order dated February 11, 2009,

Justice Demarest observed:

> Following preliminary litigation of several related issues, the parties agreed that a
> divorce should be granted to [the Debtor] on grounds of constructive
> abandonment.  An inquest was held before me on March 7, 2008 and [the
> Debtor's] unopposed petition was granted.  Judgment was deferred pending
> resolution of equitable distribution and support.  Those issues are now being held
> in abeyance as a consequence of a stay resulting from [the Debtor's] recently filed

15

bankruptcy proceeding.

Defts' App. Exh. N (February 11, 2009, Decision and Order (Demarest, J.)).

Accordingly, the Court finds that an action has been commenced and can be timely adjudicated in state court, and this element of mandatory abstention is satisfied.

*          *          *

For these reasons, and based on the entire record, the Court finds that each of the elements of mandatory abstention under 28 U.S.C. § 1334(c)(2) is satisfied, and this Court is required to abstain from deciding the claims in this Adversary Proceeding.

_Permissive Abstention_

As an alternative basis for relief, the Defendants ask this Court to exercise its discretion to abstain from deciding the claims in the Adversary Proceeding under the doctrine of permissive abstention. Permissive abstention is applicable in a core or non-core proceeding and is warranted "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1).

In considering whether permissive abstention is appropriate, courts have "considered **one or more** (not necessarily all) of twelve factors." _Cody, Inc. v. County of Orange (In re Cody, Inc.)_, 281 B.R. 182, 190 (S.D.N.Y. 2002), _aff'd in part, appeal dismissed in part_, 338 F.3d 89 (2d Cir. 2003). These factors are:

> "(1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than the form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core

16

> bankruptcy matters to allow judgments to be entered in state court with
> enforcement left to the bankruptcy court, (9) the burden of [the court's] docket,
> (10) the likelihood that the commencement of the proceeding in a bankruptcy
> court involves forum shopping by one of the parties, (11) the existence of a right
> to a jury trial, and (12) the presence in the proceeding of non-debtor parties."

*In re Cody*, 281 B.R. at 190-91 (quoting *In re 610 W. 142nd Owners Corp.*, 1999 WL 294995

(S.D.N.Y. 1999)).[3] *See In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 332 (S.D.N.Y. 2003).

The Court will consider several relevant factors in turn.

## The Effect or Lack Thereof on the Efficient Administration of the Estate

One relevant factor is the effect that abstention would have on the efficient

administration of the Debtor's estate.  Abstention would not impede and would aid the

administration of this bankruptcy estate in view of the Court's inability, in the absence of all

parties' consent, to enter judgment on non-core issues, including the Debtor's claims related to

the Grand Avenue Properties.  *See* 28 U.S.C. § 157(c)(1).

Accordingly, the Court finds that this factor weighs in favor of abstention.

## The Extent to Which State Law Issues Predominate over Bankruptcy Issues

A second relevant factor is the extent to which state law issues predominate over

bankruptcy issues in the context of this Adversary Proceeding.  As discussed above, the claims

asserted in the Complaint are based on New York law, so that state law issues predominate over

issues of bankruptcy law.

Accordingly, the Court finds that this factor weighs in favor of abstention.

## The Presence of a Related Proceeding Commenced in State Court or Other Non-Bankruptcy Court

---

[3] The third, ninth, and eleventh factors are not relevant to this matter and are not
discussed below.

A third relevant factor is whether there is a related proceeding pending in state court or another non-bankruptcy forum. The Second Divorce Action is pending in the Supreme Court, Kings County and, as noted above, the relief sought here may also be sought in the pending state court proceedings.

Accordingly, the Court finds that this factor weighs in favor of abstention.

The Jurisdictional Basis, If Any, Other than 28 U.S.C. § 1334

A fourth relevant factor is the basis for federal jurisdiction, if any, other than 28 U.S.C. § 1334. As noted above, this Adversary Proceeding is based upon the Bankruptcy Code and the Bankruptcy Rules, and there is no basis for federal jurisdiction other than 28 U.S.C. § 1334.

Accordingly, the Court finds that this factor weighs in favor of abstention.

The Degree of Relatedness or Remoteness of the Proceeding to the Main Bankruptcy Case

A fifth relevant factor is the degree of relatedness or remoteness of the Adversary Proceeding to the main bankruptcy case. Here, the Debtor's interest in the Grand Avenue Properties is based upon her argument that they are marital property, and her equitable distribution rights in such property. As described above, bankruptcy law does not give rise to the Debtor's claims here, and those claims exist outside of this bankruptcy case. The matrimonial court, not this Court, will determine these issues. And as a consequence, the issues to be determined in this Adversary Proceeding are remote from those to be determined in the Debtor's bankruptcy case.

Accordingly, the Court finds that this factor weighs in favor of abstention.

The Substance Rather than the Form of an Asserted "Core" Proceeding

A sixth relevant factor is whether this Adversary Proceeding is, in substance as opposed

18

to in form, a core proceeding.  The claims asserted in this Adversary Proceeding do not "arise

under" the Bankruptcy Code, or "arise in" this bankruptcy case.  As such, this action is not a

core proceeding, in form or in substance.

Accordingly, the Court finds that this factor weighs in favor of abstention.

<u>The Feasibility of Severing State Law Claims from Core Bankruptcy Matters To Allow
Judgments To Be Entered in State Court with Enforcement Left to the Bankruptcy Court</u>

A seventh relevant factor is whether the state law claims asserted in this action may be

severed from the core bankruptcy matters, so that judgment may be entered in state court with

enforcement to be carried out in this forum.  As discussed above, the claims in this Adversary

Proceeding are based upon state law.  Abstention would allow the Supreme Court, Kings County

to determine whether the Grand Avenue Properties are marital properties and if so, to determine

the amount of the Debtor's and Mr. Taub's interests in those properties under New York's

Domestic Relations Law.  This Court would retain jurisdiction to administer any judgment

through the claims allowance process, and property of the estate would be distributed in

accordance with the Bankruptcy Code's priority scheme and the rights of other creditors.  *See In

re Cole*, 202 B.R. 356, 362 (Bankr. S.D.N.Y. 1996) (stay relief granted to permit "the

matrimonial court . . . [to] render a distributive award, but . . . not [to] distribute marital property

or determine issues regarding title to property of the debtor or of the estate."); *In re Palmer*, 78

B.R. 402, 406 (Bankr. E.D.N.Y. 1987) ("While the matrimonial court is uniquely qualified to

determine the nature and the extent of that [equitable distribution] entitlement, this court is

exclusively authorized to adjudicate the impact of that entitlement upon any property subject to

the claims of other creditors of the estate.").  Thus, it is feasible to allow the state law claims that

are asserted in this Adversary Proceeding to be determined by the Supreme Court, Kings County,

19

and to permit enforcement to proceed as appropriate in this Court.

Accordingly, the Court finds that this factor weighs in favor of abstention.

The Likelihood that the Commencement of the Proceeding in a Bankruptcy Court Involves Forum Shopping by One of the Parties

An eighth factor with some relevance is whether this action and the Debtor's Chapter 11 bankruptcy case are the product of forum shopping.  The Debtor states that the "emergency" filing of this Chapter 11 case on July 1, 2008, was required by the imminent auction sale of one of her properties.  Debtor's Opp. at 17.  Some two weeks later, and before this action was commenced, the Debtor sought by motion in the Supreme Court, Kings County, an accounting by Mr. Taub of "all marital properties including the Grand Avenue properties," similar to the relief sought in this Adversary Proceeding.  Defts' App. ¶ 11, Exh. F (Chana Taub Aff. at 4). Seven months later, the Debtor commenced this Adversary Proceeding.  And as noted above, the Debtor has sought recusal of the four judges assigned to the matrimonial action.  *See* n.1, *supra*. Thus, it appears that some consideration of forum shopping may have influenced the Debtor to bring this action here.

Accordingly, the Court finds that this factor weighs in favor of abstention.

The Presence in the Proceeding of Non-Debtor Parties

A ninth relevant factor is whether there are non-debtor parties present in the proceeding. Here, all of the Defendants are non-debtor parties, and the Debtor is a party to the action pending before the Supreme Court, Kings County.

Accordingly, the Court finds that this factor weighs in favor of abstention.

The Expertise of the Supreme Court, Kings County in Domestic Relations Matters

An additional consideration also weighs in favor of abstention and is worthy of note.  The

20

Supreme Court, Kings County, has significant expertise in domestic relations matters and is well

qualified to determine the property entitlements and obligations of the parties to a divorce action.

As noted by one court:

> In New York, matrimonial courts have long been empowered, in connection with
> divorce actions, to determine the issues of title to property and to make directions
> pertaining to the possession of property.
>
> . . .
>
> Federal courts, including bankruptcy courts, ordinarily defer to the state courts in
> matrimonial matters to promote judicial economy and out of respect for the state
> courts' expertise in domestic relations issues. . . .  New York's state courts are
> more familiar with the concepts of marital property and how to apply the statutory
> and discretionary factors that govern equitable distribution.  Bankruptcy courts,
> on the other hand, rarely interpret or apply the equitable distribution statute.

*In re Cole*, 202 B.R. at 359, 361.

The expertise of the state courts in dealing with matrimonial actions has long been

recognized by other courts as well.  *See, e.g., In re Newman*, 196 B.R. 700, 703 (Bankr.

S.D.N.Y. 1996) ("bankruptcy courts will generally defer to state courts in the interest of judicial

economy and restraint and out of respect for the state courts' expertise in domestic relations

issues."); *In re Levine*, 84 B.R. 22, 24 (Bankr. S.D.N.Y. 1988) ("this court should not interfere

with the state court's determination as to the New York law of equitable distribution as applied

to the claims of the debtor and his wife.").  *Accord Robbins v. Robbins (In re Robbins)*, 964 F.2d

342, 345 (4th Cir. 1992) ("the bankruptcy court correctly placed equitable distribution disputes

in the category of cases in which state courts have a special expertise and for which federal

courts owe significant deference."); *MacDonald v. MacDonald (In re MacDonald)*, 755 F.2d

715, 717 (9th Cir. 1985) ("It is appropriate for bankruptcy courts to avoid incursions into family

law matters 'out of consideration of court economy, judicial restraint, and deference to our state

court brethren and their established expertise in such matters.'") (quoting *In re Graham*, 14 B.R. 246, 248 (Bankr. W.D. Ky. 1981)).

*       *       *

For these reasons, and based on the entire record, the Court finds that the relevant factors weigh in favor of this Court's exercising its discretion to abstain from deciding the claims in this Adversary Proceeding.  This conclusion is buttressed by the additional consideration that the Supreme Court, Kings County has significant experience and expertise in domestic relations matters.

**<u>Conclusion</u>**

For the reasons stated herein, and based on the entire record, the Court concludes that it will abstain from deciding the claims in this Adversary Proceeding under the mandatory abstention doctrine of 28 U.S.C. § 1334(c)(2).  In addition, even if abstention is not required, the Court will exercise its discretion to abstain from deciding those claims under the permissive abstention doctrine of 28 U.S.C. § 1334(c)(1).

An order in conformity with this Memorandum Decision shall be entered simultaneously herewith.

Dated: Brooklyn, New York
      August <u>*14*</u>, 2009

<u>*S/Elizabeth S. Stong*</u>                 <br>ELIZABETH S. STONG                <br>UNITED STATES BANKRUPTCY JUDGE 